IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 12-3224 |
| | ) | |
| JAMIE A. RIGNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION CONFIRMING SALE

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court. The Court, having reviewed the relevant materials, finds as follows:

1. The common address and legal description of the real estate at issue:

    303 East Elm Street, Thayer, Illinois 62689

    Lot 10 in Block 14 in the Original Plat of the Town, now Village of Thayer, Sangamon County, Illinois. Except the coal and other minerals underlying the surface of said land and all rights and easements in favor of the estate of said coal and minerals. Situated in Sangamon County, Illinois.

    PIN No. 34 28 484 010

2. A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. ' 2002 was given;

3. The terms of sale were fair and not unconscionable;

4. The sale was conducted fairly and without fraud;

5. Justice was done by the sale;

6. All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7.	This Court obtained personal jurisdiction over the defendant Jamie A. Rigney.

IT IS THEREFORE ORDERED:

A.	The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B.	The United States has not waived its right to subsequently administratively collect or reduce to judgment in a separate cause of action against the defendants signing the promissory note secured by the mortgage foreclosed herein the deficiency set forth in the Report of Sale, even though no such deficiency judgment is sought in this foreclosure proceeding.

C.	The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS l5-l509(a).

D.	The purchaser of the foreclosed property is hereby given possession effective immediately upon entry of this Order in compliance with 735 ILCS 5/15-1701(c)(1).

E.  There is no just reason to delay enforcement of or appeal from this final order.


ENTER: May 10, 2013.


    s/Richard Mills
RICHARD MILLS
UNITED STATES DISTRICT JUDGE